# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE MEJIA LOPEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNNAMED,<br><br>　　　　Respondent. | Case No.  1:22-cv-00735-SKO-HC<br><br>ORDER DENYING MOTION TO AMEND TO NAME A PROPER RESPONDENT WITH LEAVE TO RENEW<br><br>[THIRTY DAY DEADLINE] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On June 16, 2022, Petitioner filed a federal petition for writ of habeas corpus.  He did not name a respondent in this matter.  On June 21, 2022, the Court advised Petitioner that he had failed to name a proper respondent and granted him leave to amend the respondent in order to avoid dismissal of the action.  On July 7, 2022, Petitioner filed a motion to amend the petition.  Because Petitioner again fails to name a proper respondent, the motion will be denied and Petitioner will be given a second opportunity to amend the petition.

**DISCUSSION**

Initially, Petitioner failed to name any respondent.  In his motion to amend, Petitioner requests that the Court substitute "On Habeas Corpus" as the proper respondent.  This is not a proper respondent.

As stated in the previous order, a petitioner seeking habeas corpus relief under 28 U.S.C.

1

1  § 2254 must name **the state officer having custody of him** as the respondent to the petition.
2  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894
3  (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).
4  **Normally, the person having custody of an incarcerated petitioner is the warden of the**
5  **prison in which the petitioner is incarcerated because the warden has "day-to-day control**
6  **over" the petitioner.** Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also
7  Stanley, 21 F.3d at 360. However, the chief officer in charge of state penal institutions is also
8  appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation
9  or parole, the proper respondent is his probation or parole officer and the official in charge of the
10 parole or probation agency or state correctional agency. Id.

11    Petitioner's failure to name a proper respondent requires dismissal of his habeas petition
12 for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326,
13 1326 (9th Cir. 1970); see also Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd
14 Cir. 1976). However, the Court will give Petitioner a second opportunity to cure this defect by
15 amending the petition to name a proper respondent, **such as the warden of his facility**. See
16 West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510
17 F.2d 363 (5th Cir. 1975) (en banc) (allowing petitioner to amend petition to name proper
18 respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same). In the interests
19 of judicial economy, Petitioner need not file an amended petition. Instead, Petitioner may file a
20 motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner
21 may name the proper respondent in this action. Petitioner is forewarned that failure to name a
22 proper respondent will result in a recommendation that the petition be dismissed.
23 /////
24 /////
25 /////
26 /////
27 /////
28 /////

**ORDER**

Based on the foregoing, Petitioner is GRANTED thirty days from the date of service of this order in which to file a motion to amend the instant petition and name a proper respondent. Failure to amend the petition and state a proper respondent will result in dismissal of the petition for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   **July 8, 2022**                                    /s/ *Sheila K. Oberto*
                                                                              UNITED STATES MAGISTRATE JUDGE