**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JORGE MEJIA LOPEZ,<br><br>            Petitioner,<br><br>      v.<br><br>TRISTAN LEMON,[1] Warden,<br><br>            Respondent. | Case No.: 1:22-cv-00735-ADA-SKO (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS [Doc. 13]<br><br>[THIRTY DAY OBJECTION PERIOD] |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed his petition in this Court on June 2, 2022.[2] (Doc. 1.) On September 30, 2022, Respondent filed a motion to dismiss contending that the petition violates the statute of limitations. (Doc. 13.) Petitioner did not file an opposition to the motion to dismiss. Upon review of the pleadings, the Court finds that the petition violates the statute of limitations. The Court will therefore

---

[1] Pursuant to Rule 25(d) of the Fed. Rules of Civil P., Tristan Lemon, the current Warden of Pleasant Valley State Prison, is hereby substituted as Respondent.

[2] Although the petition was filed in this Court on June 16, 2022, the petition was dated June 2, 2022. Pursuant to the mailbox rule, a pro se habeas petition is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 266, 276 (1988). Therefore, under the mailbox rule, the Court deems the petition filed on June 2, 2022, the date Petitioner presumably handed his petition to prison authorities for mailing.

1

recommend that Respondent's motion to dismiss be granted and the petition be dismissed with prejudice.

## DISCUSSION

I.      Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.     Limitations Period for Filing Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on June 2, 2022, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the California

1  Supreme Court denied the petition for review on June 17, 2020.  (LD 4,5.)   Direct review concluded

2  on November 14, 2020, when the one hundred and fifty-day period for filing a petition for writ of

3  certiorari expired.³  The statute of limitations commenced on the following day, November 15, 2020,

4  and expired one year later on November 14, 2021.  Absent applicable tolling, the last day to file a

5  federal habeas petition was November 14, 2021.  Petitioner untimely filed his federal petition on June

6  2, 2022.

7  III.     Statutory Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

8          Under the AEDPA, the statute of limitations is tolled during the time that a properly filed

9  application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. §

10 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

11 governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

12 U.S. 4, 8 (2000).  An application is pending during the time that 'a California petitioner completes a

13 full round of [state] collateral review," so long as there is no unreasonable delay in the intervals

14 between a lower court decision and the filing of a petition in a higher court.  Delhomme v. Ramirez,

15 340 F. 3d 817, 819 (9th Cir. 2003), *abrogated on other grounds as recognized by* Waldrip v. Hall, 548

16 F. 3d 729 (9th Cir. 2008) (*per curiam*); see Evans v. Chavis,  546 U.S. 189, 193-194 (2006); Carey v.

17 Saffold, 536 U.S. 214, 220, 222-226 (2002); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

18         In this case, Petitioner filed one application for collateral review, a habeas petition to the

19 California Supreme Court.  (LD 6-7.)  Pursuant to the mailbox rule, the petition was filed on April 20,

20 2021, and denied on July 28, 2021.  (LD 6-7.)

21         Petitioner is not entitled to statutory tolling for the time period between the finality of direct of

22 review and the commencement of post-conviction collateral review.  Nino v. Galaza, 183 F.3d 1003,

23 1006-07 (9th Cir. 1999).  By the time Petitioner filed his first petition on April 20, 2021, 157 days of

24 the limitations period had run.  The limitations period was tolled during the pendency of the petition

25 until it was denied on July 28, 2021, a period of 99 days.  The limitations period resumed on July 29,

26 2021, with 208 days remaining, and expired on February 21, 2022.  Petitioner did not file his federal

27

28 ³ The time to file a petition for writ of certiorari was extended to one hundred and fifty-days due to the COVID-19 pandemic.

petition until June 2, 2022, which was over three months after the limitations period had expired. Therefore, the federal petition is untimely.

### RECOMMENDATION

For the foregoing reasons, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the habeas corpus petition be DISMISSED WITH PREJUDICE for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one-year limitations period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 8, 2022**              /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE