1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JORGE MEJIA LOPEZ,                    No.  1:22-cv-00735-ADA-SKO (HC)

12              Petitioner,               ORDER ADOPTING FINDINGS AND
                                          RECOMMENDATIONS TO GRANT
13                                        MOTION TO DISMISS WRIT OF HABEAS
                                          CORPUS
14        v.
                                          (ECF Nos. 13, 15)
15
                                          ORDER DIRECTING CLERK OF COURT TO
16                                        ENTER JUDGMENT AND CLOSE CASE
     TRISTAN LEMON, Warden,               AND DECLINING TO ISSUE CERTIFICATE
17                                        OF APPEALABILITY
              Respondent.
18

19        Petitioner Jorge Mejia Lopez is a state prisoner proceeding pro se and in forma pauperis

20   with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was referred

21   to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

22        On November 8, 2022, the Magistrate Judge issued findings and recommendations to

23   grant respondent's motion to dismiss the petition.  (ECF Nos. 13, 15.)  Petitioner filed objections

24   on January 12, 2023.  (ECF No. 18.)

25        In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a

26   de novo review of the case.  Having carefully reviewed the entire file, including petitioner's

27   objections, the Court concludes that the Magistrate Judge's findings and recommendations are

28   supported by the record and proper analysis.  In his objections, Petitioner states he was

misinformed that he had one year to file his petition from the date the California Supreme Court denied his state post-conviction petition.  (ECF No. 18 at 1.)  Ignorance or confusion concerning the law, however, do not excuse an untimely filing. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *Herrera v. Butler*, No. C03-4333 VRW(PR), 2004 WL 1729927, at *2 (N.D. Cal. Jul. 22, 2004), *aff'd*, 184 F. App'x 648 (9th Cir. 2006).  In addition, erroneous advice from fellow inmates is not uncommon and does not constitute an extraordinary circumstance. *See Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (reliance on inmate law clerk to prepare and file habeas petitions did not warrant equitable tolling); *Wallace v. Mahanoy*, 2 F.4th 133, 150 (3d Cir. 2021) (rejecting petitioner's claim that he relied on the mistaken advice of a fellow inmate in reaching the incorrect conclusion that filing state postconviction relief proceedings would reset the federal deadlines); *cf. Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (petitioner's reliance on mistaken advice from jailhouse lawyers did not constitute cause for procedural default).  Thus, petitioner is not entitled to equitable tolling.

In addition, the court declines to issue a certificate of appealability.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003).  Upon denial of a petition, the court may only issue a certificate of appealability when the petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  Reasonable jurists would not find the Court's determination that Petitioner is not

1   entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to

2   proceed further.  Thus, the Court declines to issue a certificate of appealability.

3       Accordingly,

4   1.    The findings and recommendations issued on November 8, 2022, (ECF No. 15),

5       are adopted in full;

6   2.    Respondent's motion to dismiss, (ECF No. 13), is granted;

7   3.    The petition for writ of habeas corpus is dismissed with prejudice;

8   4.    The Clerk of Court is directed to enter judgment and close the case; and

9   5.    The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   February 14, 2023

_____
UNITED STATES DISTRICT JUDGE